REGAN, Judge.
Plaintiff, Lannes R. Brehm, employed as a truck driver by Central Truck Lines, Inc., instituted this suit against Ryder Truck Lines of Louisiana, Inc.[1], endeavoring to recover the sum of $82,500 for personal injuries, loss of wages and medical expenses incurred as the result of the negligence of defendant’s employees on January 28, 1959, at which time he sustained injuries to his right foot when it was crushed by an iron pipe that was then being used as roller to facilitate the removal of a 7j/£ ton pile driver head[2] from the defendant’s trailer.
The Fidelity and Casualty Company of New York, the compensation insurer of plaintiff’s employer, intervened and requested that any judgment rendered in favor of plaintiff be subjected to a preference in its favor in the amount of $6,349.85 which sum had been paid, as the result of the foregoing accident, to the plaintiff.
The defendant answered and admitted the occurrence of the accident, denied the existence of any negligence on the part of its employees and insisted that the injury to the plaintiff was caused by his own fault; and in the alternative, pleaded his contributory negligence or his assumption of the risk.
From a judgment in favor of defendant, which dismissed plaintiff’s and intervenor’s suits, they have prosecuted this appeal.
The record reveals that on January 28, 1959, plaintiff, an experienced truck driver and handler of freight, was instructed by his employer to • accept delivery of a pile driver head from the defendant. The machinery was to be removed from the defendant’s trailer to the dock, and then into plaintiff’s trailer which had been parked, for this purpose, next to the dock.
Although a crane is usually employed to lift such heavy machinery, one of defendant’s employees decided to move it by what has been designated as a four-wheel fork lift machine. This equipment possessed insufficient power to completely lift the pile driver head out of the trailer, but it was successfully used to slightly raise it to the extent that an iron pipe about Vyi inches in diameter and five feet long, which extended six to twelve inches beyond the sides of the machinery on each side, could be placed beneath it so as to serve as a roller. Chains were attached to the fork lift machine and to the pile driver head and in this way the machinery was rolled upon the pipe across the floor of the defendant’s trailer; while it was in the process of being pulled, the rotating pipe crushed the right foot and ankle of the plaintiff, causing the injuries which form the subject matter of this suit.
Plaintiff admits that he placed himself between the pipe or roller and the back of the trailer, which was the direction in which the pile driver head was being pulled. However, he contends that he was afforded no warning that the pile driver head was about to be moved, although he admits that his attention was constantly focused thereon and only once glanced away therefrom for a very short time and that at this moment the accident occurred. Obviously in focusing all of his attention upon the pile driver head he had overlooked the pipe roller which, as we have said hereinabove, extended six to twelve inches beyond the sides of the machinery and it was this sec *712 tion of the pipe which rolled upon his foot and caused severe injury thereto.
Plaintiff contends that he did not in any manner participate in the moving operation of this pile driver head and laboriously endeavors to explain his presence in the trailer by asserting that he was there merely to witness any damage that had occurred or would occur to the equipment.
Defendant, on the other hand, insists that the proximate cause of the accident was plaintiff’s negligence in placing himself in the trailer, which was obviously a perilous place to be, and in participating in the whole operation by instructing defendant’s employee when to proceed with the movement of the pile driver head, consequently there existed no legal obligation on the part of anyone to warn plaintiff of what he already knew.
The foregoing resume of the evidence, together with plaintiff’s and defendant’s respective contentions reveal that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously was of the opinion that the danger to which plaintiff unnecessarily subjected himself was such as could or should have been readily foreseen by him, and since the pile driver head was being moved at a time when he possessed complete knowledge of the actual operational procedure, the injuries incurred by him were due to his lack of care and not as the result of fault on the part of defendant’s employees.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the evidence contained in the record. Suffice it to say that the trial judge believed that the plaintiff’s negligence was the cause of the injuries to his foot and our analysis of the record convinces us that the evidence contained therein preponderates in favor of this conclusion and the judgment is therefore correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Ryder Truck Lines of Louisiana, Inc. was formerly T.S.C. Motor Freight Lines, Inc., also a transportation company.

. This pile driver head measured 3'x3'xl5'.